

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

WILLIAM THOMPSON, and DANIEL SCHULTZ,    )
individually and on behalf of all others    )
similarly situated,    )
   )
       Plaintiffs,    )
   )    **No. 04 8224**
      v.    )
   )    **Judge John W. Darrah**
SALVATORE SPINELLI; and    )
OXFORD MANAGEMENT SERVICES, INC.,    )
   )
       Defendants.    )

## MEMORANDUM OPINION AND ORDER

Plaintiffs, William Thompson and Daniel Schultz, brought this action against Defendants, Salvatore Spinelli and Oxford Management Services, Inc. ("Oxford"), for alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"). Thompson alleges that Spinelli sent him collection letters, which sought to collect a debt incurred for personal, family or household purposes that included a request for an $8.00 credit card processing fee. Schultz alleges that Oxford sent him collection letters, which sought to collect a debt incurred for personal, family or household purposes that included a request for an $8.00 credit card processing fee. Plaintiffs allege the collection letters were form letters that violated the FDCPA by falsely representing that a debtor has a duty to pay an $8.00 credit card processing fee. Plaintiffs further allege that the FDCPA prohibits the collection of any amount unless such amount is expressly authorized by the agreement creating the debt or permitted by law; and the Illinois Collection Agency Act, 225 ILCS 425/9(a)(20), makes it unlawful when collecting or attempting to collect any interest or other charge or fee in excess of the actual debt,

unless that interest or other charge is expressly authorized by the agreement creating the debt or expressly authorized by law or unless in a commercial transaction such interest or other charge or fee is expressly authorized in a subsequent agreement.   Presently before the Court is the Plaintiff's motion for class certification.

Plaintiffs seek class certification under Federal Rule of Civil Procedure 23(b)(3) of:

> All natural persons who, according to Defendant's records, reside in the State of Illinois and meet the following criteria: (a) within one year prior to the filing of this action [Dec 23, 2004]; (b) were sent a collection letter by Defendants; (c) which referred to a credit card payment processing fee.

Allegations made in support of class certification are considered true (*Hardin v. Harshbarger*, 814 F. Supp. 703, 706 (N.D. Ill. 1993)); and, as a general matter, this Court does not examine the merits of the case (*Retired Chicago Police Ass'n v. City of Chicago*, 7 F.3d 584, 598 (7th Cir. 1993)).   However, a court "may look beyond the pleadings to determine whether the requirements of Rule 23 have been satisfied." *Dhamer v. Bristol-Myers Squibb Co.*, 183 F.R.D. 520, 529-30 (N.D. Ill 1998), citing *Castano v. American Tobacco Co.*, 84 F.3d 734, 744 (5th Cir. 1996).   "A court must understand the claims, defenses, relevant facts and applicable substantive law in order to make a meaningful determination of certification issues." *Dhamer*, 183 F.R.D. at 530.

To receive class certification, plaintiff must satisfy all four elements of Rule 23(a), which include: numerosity, commonality, typicality, and adequacy of representation.   Fed. R. Civ. P. 23(a).   Plaintiff must also satisfy at least one of the three provisions under Rule 23 (b).

Numerosity

Rule 23(a)(1) requires that the class be so numerous that joinder of all the members is impracticable. Fed. R. Civ. P. 23(a)(1).   Plaintiff need not demonstrate the exact number of class

2

members so long as a conclusion is apparent from good faith estimates (*Peterson v. H & R Block Tax Servs.*, 174 F.R.D. 78, 81 (N.D. Ill. 1997)); and the court is entitled to make "common sense assumptions" in order to support a finding of numerosity (*Grossman v. Waste Management, Inc.*, 100 F.R.D. 781, 785 (N.D. Ill. 1984)).  Plaintiff alleges that Defendants have collected illegal fees approximately 4,900 times from Illinois debtors.  Defendants do not dispute this number.  Accordingly, Plaintiffs have sufficiently demonstrated numerosity.

Commonality and Typicality

Commonality exists if the class members share common questions of law or fact.  The requirement is usually satisfied when a common nucleus of operative facts unites a class.  *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992).  The presence of some factual variations among the class members does not defeat commonality, so long as there is at least one question of law or fact common to the class. *Rosario*, F.2d at 1017.

The typicality requirement of Rule 23(a)(3) is closely related to the commonality requirement of Rule 23(a)(2).  *Ruiz v. Stewart Associates, Inc.*, 171 F.R.D. 238, 242 (N.D. Ill. 1997).  A plaintiff's claim is typical if it arises from the same event or practice or course of action that gives rise to the claims of other class members and if his or her claims are based on the same legal theory. *Rosario*, 963 F.2d at 1018.

Defendants argue that the Plaintiffs have not satisfied either the commonality or typicality requirements because the Plaintiffs solely rely on the alleged collection letter sent to each member.  Defendants argue that each member's agreement has varying terms and that each is subject to unique defenses not typical to each member of the class.

Defendants' argument is not persuasive.  Although the Defendants identify individual issues, these issues are more relevant to the issue of predominance, pursuant to Rule 23(2)(3)

3

discussed below. In essence, Defendants seek to require Plaintiffs to demonstrate how they will prove their case against the Defendants. Such a requirement is not necessary. The central question of law is whether that letter violated the FDCPA. The question refers to standardized conduct on the part of the Defendants toward members of the class, representing a common nucleus of operative facts that is based on the same legal theory. Accordingly, Plaintiffs have satisfied both the commonality and typicality requirements. *See Keele v. Wexler*, 149 F.3d 589, 594 (7th Cir. 1998) ("Common nuclei of fact are typically manifest where . . . the defendants have engaged in standardized conduct towards members of the proposed class by mailing to them allegedly illegal form letters or documents."); *Clark v. Retrieval Masters Creditors Bureau, Inc.*, 185 F.R.D. 247, 248 (N.D.Ill. 1999).

Adequacy of Representation

The class representatives must "fairly and adequately protect the interests of the class." Fed.R.Civ.P. 23(a). In determining adequacy of class representation, the court considers whether (1) any conflicts of interest exist between the named plaintiffs and the class members and (2) the named plaintiffs' counsel will adequately protect the interests of the class. *Gaspar v. Linvatec Corp.*, 167 F.R.D. 51, 58 (N.D.Ill. 1996).

Defendants do not argue that Plaintiffs would not provide adequate class representation, and the Court cannot identify any conflicts between Plaintiffs and the class members or an inadequacy in Plaintiffs' counsel's ability to protect the interests of the class.

Rule 23(b)(3)

Plaintiffs seek class certification under Rule 23(b)(3). Rule 23(b)(3) provides that a class action may be maintained if "questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to the available methods for the fair and efficient adjudication of the controversy." Fed. R. Civ. P. 23(b)(3).

Defendants argue common issues do not predominate over questions affecting the over 1,800 potential class members because each class members' agreement with the third-party creditor would require examination to ensure the agreement does not authorize the collection of the subject fee.[1] The Plaintiffs do not attach their own agreements demonstrating the fee was not authorized nor do they offer any other example. Instead, the Plaintiffs hypothesize that "it is highly unlikely" to be included in an agreement. Even accepting the hypothesis as correct, the Court would still be required to examine 4,900 agreements, for various types of personal, family or household debt, to determine the presence or absence of authorization for the fee. "If liability questions are not subject to class-wide proof and would instead require individual and fact-intensive determinations, it cannot be said that common issues predominate." *Radmanovich v. Combined Ins. Co. of America*, 216 F.R.D 424, 435-436 (N.D. Ill. 2003) (internal quotations omitted) (denying class certification because individual class member claims required individual

---

[1]Defendants determined this potential class by multiplying the number of individuals listed on Exhibit G of the Motion by 74, the number of pages similar to those attached (66 X 74 = 4,884).

evidence and resolution of individual issues); *see also Williams v. Ford Motor Co.*, 192 F.R.D. 580, 585 (N.D. Ill. 2000) (denying class certification because individual issues predominate the plaintiff's claim).

Considering the intensive analysis that would be required for each individual agreement for every class member, the Plaintiffs have failed to meet their burden of establishing that common issues predominate the lawsuit. Accordingly, the requirements of Rule 23(b)(3) have not been satisfied.

For the foregoing reasons, Plaintiffs' Motion for Class Certification is denied.

Dated: October 5, 2005

JOHN W. DARRAH
United States District Judge